IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TAMARA WELLS,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17CV45DAK<br><br>JUDGE DALE A. KIMBALL |

This matter is before the court on Plaintiff's appeal of the Social Security Administration's denial of her claim for disability insurance benefits under Title II of the Social Security Act. This court has jurisdiction to review the final decision of the Commissioner of the Social Security Administration under the Social Security Act, 42 U.S.C. § 405(g). On February 14, 2018, the court held oral argument on Plaintiff's appeal. At the hearing, Plaintiff was represented by Wendy Wheeler, and Defendant was represented by Laura H. Holland. The court took the matter under advisement. Having fully considered the parties' briefs and arguments, the administrative record, and the law and facts relevant to the appeal, the court enters the following Memorandum Decision and Order remanding the case to the Social Security Administration.

**BACKGROUND**

Plaintiff filed a Title II application for disability insurance benefits, alleging disability beginning September 1, 2006. The claim was initially denied on November 14, 2011, and denied upon reconsideration on January 10, 2012. Plaintiff requested a hearing and was granted a hearing before an Administrative Law Judge ("ALJ") on March 13, 2013. At the hearing before the ALJ, Plaintiff amended her disability onset date to July 8, 2011. The ALJ issued a denial of Plaintiff's claim on May 15, 2013. The Appeals Council denied Plaintiff's subsequent request for review, and Plaintiff appealed her case to the United States District Court of Utah.

Based on a stipulation from the government, the court remanded the case to the Appeals Council. The Appeals Council ordered the ALJ to schedule another hearing and make findings based on evidence relevant to Plaintiff and take any further action needed to complete the administrative record. On February 23, 2016, Plaintiff appeared at a supplemental hearing before the ALJ. The ALJ again found that Plaintiff was not disabled and the Appeals Council again denied Plaintiff's request for review. Plaintiff then brought the present appeal.

Plaintiff claimed disability based on bilateral lobulated parenchymal thinning of each kidney, urinary incontinence, hypertension, chronic fatigue syndrome, low back impairments, obesity, dementia with cognitive decline, carpal tunnel syndrome, chronic headaches, depression, and anxiety. Plaintiff had worked in accounts receivable and her employer accommodated her high blood pressure and resulting headaches by providing her with a cot at her workstation that allowed her to lie down at times throughout the work day. However, Plaintiff's employer ultimately terminated her employment because she was making too many mistakes.

Several doctors treated Plaintiff over the years. Dr. Douglas Walker treated her for high

blood pressure, bilateral hip pain, lumbago, daily headaches, and fatigue. Dr. Varma treated her for mental status change. Plaintiff had two MRI scans in 2007 showing white matter disease. The MRIs were conducted only three months apart but showed a year and a half decline in memory. In November 2011, Plaintiff was examined by a state physician, Dr. Ingebretson, who found that she was a fifty-year-old woman with Type II diabetes, a history of at least five small strokes, kidney damage, and obesity. Dr. Ingebretson also noted that her right kidney had atrophied and thought that this contributed to her high blood pressure.

## LEGAL STANDARD

To be found "disabled" under the Social Security Act, the plaintiff must establish her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. 423(d)(1)(A). Under the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 416.920.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id.* § 416.920(b). At step two, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. *Id.* § 416.920(c). At step three, the ALJ determines whether the claimant's impairment or combination of impairments is of a severity to meet, or be considered medically equal to, the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* §§ 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity. *Id.* § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. At step

four, the ALJ must determine whether the claimant has the residual functional capacity to perform the requirements of her past relevant work. *Id.* § 416.920(f). At the last step, the ALJ must determine whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. *Id.* § 416.920(g).

## ALJ'S DECISION

The ALJ analyzed Plaintiff's claim under the five-step process. The ALJ determined that Plaintiff met the insured status requirement of the Social Security Act on June 30, 2012, and had not been engaged in substantial gainful activity during the period from her amended disability onset date of July 8, 2011, through June 30, 2012. While the first ALJ found that Plaintiff's severe impairments included mild lobulated parenchymal thinning of each kidney, hypertension, chronic fatigue syndrome, obesity, mild dementia, depression, and anxiety, the second ALJ found that Plaintiff's severe impairments included only diabetes mellitus and obesity.

Under Step 3, the ALJ concluded that Plaintiff's combination of impairments did not meet the severity of the listed impairments in the Social Security regulations. The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with certain exceptions. At step four, the second ALJ's decision also varied from the first ALJ's decision. While the first ALJ found that Plaintiff was unable to perform her past relevant work, the second ALJ found that Plaintiff was capable of performing her past relevant work as an administrative clerk and an accounting clerk. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act at any time during the relevant period.

**STANDARD OF REVIEW**

The court independently determines "whether the ALJ's decision is 'free from legal error and supported by substantial evidence.'" *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2006) (quoting *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005)). Under 42 U.S.C. § 405(g), "[t]he findings of the Commission of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052. Although the court "will 'not reweigh the evidence or retry the case,'" it "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).

**ANALYSIS**

Plaintiff appeals the ALJ's decision, arguing that the ALJ erred in finding that Plaintiff's hypertension, chronic headaches and dementia were not severe impairments and in failing to analyze the evidence relating to these conditions and their impact on Plaintiff's RFC. In addition, Plaintiff contends that the ALJ failed to develop the record with regard to her mental impairments and committed reversible error in failing to analyze the mental demands of Plaintiff's past work.

The parties' disputes on this appeal appear to focus around the relevant time period. However, the Social Security Act requires the ALJ to develop a complete medical history of at least the preceding twelve months prior to denying a claim. *See* 42 U.S.C. § 423(d)(5)(B). Prior

to determining whether a claimant is not disabled, the ALJ must develop the claimant's medical history for the past twelve months or more if "there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1).

In this case, Plaintiff requested the development of her medical history concerning her pre-existing mental condition. Plaintiff points to medical records, including two MRIs, showing white matter disease. Plaintiff's treating physicians also addressed her cognitive decline. However, the ALJ failed to consider this evidence and stated that there was no etiology for her claims of dementia. The ALJ should have had reason to believe that development of the record regarding Plaintiff's cognitive decline was necessary.

By failing to develop that record, it is unclear to this court whether Plaintiff could perform her past duties as an administrative clerk/accounting clerk. There is evidence in the record that, despite efforts to accommodate Plaintiff's high blood pressure, Plaintiff's prior employer terminated her employment because of the number of mistakes she made. There is also evidence in the record that Plaintiff no longer cooks for herself or drives because of confusion. Because the ALJ failed to develop Plaintiff's past medical history regarding cognitive decline, he failed to address or apply this evidence to the medical evidence. This failure ripples through the decision as he failed to incorporate this type of analysis in determining Plaintiff's RFC and failed to address how Plaintiff was capable of performing her past position when in fact she was terminated because she was not capable of performing such work. The regulations, however, contemplate that a complete history will be developed when there is reason to believe it is necessary, as is the situation in this case. The process should be investigatory, not adversarial. Because the ALJ's denial of benefits appears to be based on a level of mental functioning that is

not medically or factually supported, the court cannot conclude that the ALJ's decision is supported by the substantial weight of the evidence.

After reviewing the administrative record as a whole, the court concludes that it must remand the case to the Commissioner of the Social Security Administration. The evidence in the administrative record demonstrates a reason to believe that Plaintiff's medical history regarding cognitive decline should be fully developed. On remand, the ALJ should fully develop this evidence and apply such evidence to her ability to perform her past employment or any other employment.

## CONCLUSION

Based on the above reasoning, the court REMANDS the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of February, 2018.

BY THE COURT:

Dale A. Kimball,
United States District Judge